OPINION
{¶ 1} This is the second appeal resulting from the divorce proceedings involving Norma Jean Neighbarger and Ray Allen Neighbarger. In the first appeal, we affirmed most of the trial court's findings, but remanded the case for the trial court to address issues related to the appreciation in value of a small farm in Knox County which had been owned by Mr. Neighbarger for years prior to his marriage to Norma Jean Neighbarger but which he had quit-claimed to Norma Jean less than one year before the marriage. *Page 2 
Following the remand, the trial court addressed the issues we indicated were necessary to address.
 {¶ 2} Ray Allen Neighbarger is still discontent with the trial court's handling of issues involving the farm. He has pursued a second appeal, assigning three errors for our consideration:
 [I.] Defendant-Appallant's [sic] award in this case is not supported by the evidence of the case. The Court stated "Well, in order to receive it (the farm), you have to be responsible for it. You have to assume any taxes, any liabilities, anything else. Do you-" (trial transcript page 88 line 3) On May 4th 2006 Norma Jean signed a contract for Ohio Cumberland Gas to lay a line across the farm. Mrs. Neighbarger's attorney Lee Rosenthal told Mr. Neighbarger's attorney Mitchell Yelsky to have Mr. Neighbarger show Ohio Cumberland Gas where and how to lay this line. United States Department of Agriculture still has the farm listed as Mr. Neighbarger's as of Oct. 2007. The electric bill is still in Mr. Neighbarger's name. And has been ever since Oct 1967. The first half of the real estate tax was paid by Mr. Neighbarger in 2005. From January of 1968 till January of 2005 Mr. Neighbarger paid the taxes. Why is there any division of this property? It was put in to Norma's name to be merely held. This is understood by both Mr. and Mrs. Neighbarger. Which both parties were advised to do by Mr. Coulter; Mr. Neighbarger's attorney from 1981 till 1991.
 [II.] In the Courts decision there is no consideration for the value that Mr. Neighbarger had to put in to the Sycamore Knolls property that came from his own separate money. Both parties stated that this money was his own separate money. Why is this not in the being done? [sic]
 [III.] In the Courts decision there is no consideration for the value that Mr. Neighbarger had to put in to the farm that came for his inheritance. Why should what Mr. Neighbarger received from his parents' estate not be considered his own separate property? He used this money to up grade the farm. Why is this not figured into the decision of the court? *Page 3 
 {¶ 3} The first assignment of error is not a model of clarity, but apparently mixes in elements of what happened before the first trial with what has happened since the farm was awarded to Norma Jean Neighbarger. To the extent the assignment of error complains about the original award of the farm, we are not at liberty to review it. We follow the legal principles of res judicata and the law of the case. If we have already addressed an issue, especially an issue in the same case, we are bound to follow our previous ruling.
 {¶ 4} Part of the assignment of error mentions occurrences since the first trial and appeal. Since Norma Jean Neighbarger was awarded the farm, she was free to contract with Ohio Cumberland Gas. The other factual allegations have no bearing on the issues of property division which were before the trial court. The award of the farm was not conditional, such that she received it only if she took full responsibility for it. This award was complete and final.
 {¶ 5} The first assignment of error is overruled.
 {¶ 6} The second assignment of error claims that the trial court gave no consideration for the use of Mr. Neighbarger's non-marital property in the fixing up of the farm. That claim is wrong. The trial court followed our mandate and computed the amount of money which should be given to Mr. Neighbarger as a result of the use of his own funds in improving the farm. Mr. Neighbarger seems to be asserting that he can double-recover those funds by both receiving them for the increase in value of the farm and receiving them as a direct cash award. Mr. Neighbarger's assertion is incorrect. The trial court has awarded him the amount due him but has not awarded him twice the amount due him. *Page 4 
 {¶ 7} The second assignment of error is overruled.
 {¶ 8} The third assignment of error seems to involve the same issues as the second. The trial court received expert testimony about the increase in the value of the farm resulting from the improvements made. The trial court then awarded one-half the increase to each party. The trial court's award was not an abuse of discretion.
 {¶ 9} The third assignment of error is overruled.
 {¶ 10} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
FRENCH, P.J., and BRYANT, J., concur. *Page 1